**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNIEK, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:15-cv-3770 |
| | ) | |
| ALWAYS HOME INTERNATIONAL, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Uniek, Inc. ("Plaintiff"), by its attorneys, Quarles & Brady LLP, for its complaint for copyright infringement against Always Home International ("Defendant"), hereby alleges as follows:

**THE PARTIES**

1. Plaintiff is a Wisconsin corporation with its principal place of business at 805 Uniek Drive, Waunakee, Wisconsin 53597.

2. Upon information and belief, Defendant is a New York corporation with its principal place of business at 15 Copeland Drive, Suffern, New York 10901.

3. Upon information and belief, Defendant also has a commercial location at 560 Route 303, #101, Orangeburg, New York 10962.

**JURISDICTION AND VENUE**

4. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*).

5. This Court has subject matter jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

6. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant conducts substantial business in the State of Illinois and within this District. Defendant markets, sells, offers to sell, induces the sale of, and/or imports infringing products directly, or through intermediaries, in or into Illinois and this District, thereby causing injury and damage to Plaintiff in Illinois and this District. Defendant's substantial business in Illinois and this District may result from acts committed outside Illinois or this District, including but not limited to using established distribution channels to market, sell, offer to sell, induce the sale of, and/or import infringing products in or into Illinois and this District. In conducting its business in Illinois and this District, Defendant stands to derive substantial revenue from its infringing products at the expense of Plaintiff unless enjoined by this Court.

7. Venue in this District is proper under 28 U.S.C. § 1391(b)(2) because, on information and belief, a substantial part of the acts of infringement occur in this District, as Defendant sells, offers to sell, induces the sale of, and/or imports infringing products in or into this judicial District.

## FACTS GIVING RISE TO THIS ACTION

8. Plaintiff restates and incorporates by reference all previous allegations.

9. Plaintiff is the premier designer, manufacturer, and supplier of picture frames and home decor accents for retailers in North America.

10. Plaintiff is the creator of a number of picture frame set sculptures. Plaintiff owns a number of Copyrights related to said picture frame set sculptures.

11. Plaintiff is the creator of the "Family Collection," claimed in U.S. Copyright Registration No. VA 1-942-151, effective September 17, 2012 (hereinafter "Family Collection"). (Exh. A, at 1). The Copyright of the Family Collection claims "sculptures of branches with leaves and tree trunk and overall arrangement of elements." (*Id.*). The Registration Deposit Materials show a collection of picture frames arranged with tree branches, leaves, and a tree trunk. (*Id.* at 3). Plaintiff is and always has been the owner and proprietor of all right, title, and interest in and to said Copyright of the Family Collection and said Copyright is valid and existing in full force and effect.

12. Plaintiff sells its own version of the Family Collection.

13. Plaintiff is the creator of the "Wallverbs Family Tree - 9 pc set," claimed in U.S. Copyright Application No. 1-2147314251, dated February 20, 2015 (hereinafter "Family Tree"). (Exh. B, at 1-2). The Copyright of the Family Tree claims "a collection of hanging sculptures in an arrangement with picture frames." (*Id.* at 1). The Application Deposit Materials show picture frames arranged with tree branches, leaves, and a tree trunk. (*Id.* at 3-10). Plaintiff is and always has been the owner and proprietor of all right, title, and interest in and to said Copyright Application of the Family Tree.

14. Plaintiff sells its own version of the Family Tree.

15. Plaintiff is the creator of "Wallverbs (Cursive) Family Tree - 13 pc set," claimed in U.S. Copyright Application No. 1-2147314367, dated February 20, 2015 (hereinafter "Cursive Family Tree"). (Exh. C, at 1-2). The Copyright of the Cursive Family Tree claims "a collection of hanging sculptures in an arrangement with picture frames." (*Id.* at 1). The Application Deposit Materials show picture frames arranged with tree branches, leaves, and a tree trunk. (*Id.*

at 3-9). Plaintiff is and always has been the owner and proprietor of all right, title, and interest in and to said Copyright Application of the Cursive Family Tree.

16. Plaintiff sells its own version of the Cursive Family Tree.

17. In February 2015, after each of Plaintiff's copyright registrations issued, Plaintiff became aware of Defendant's intent to market, sell, offer for sale, induce the sale of, and/or import its "Decorative Wall Frame Set." (Exh. D). Defendant's Decorative Wall Frame Set includes picture frames, arranged with tree branches, leaves, and a tree trunk. (*Id.*).

18. Defendant's Decorative Wall Frame Set exactly copies the copyrighted aspects of Plaintiff's picture frame set sculptures. For example, and without limitation, the branch design from Defendant's Decorative Wall Frame Set is identical to the branch design from Plaintiff's Family Tree. (Exh. E). And the tree trunk from Defendant's Decorative Wall Frame Set is identical to the tree trunk from Plaintiff's Family Tree. (*Id.*).

19. Upon information and belief, Defendant secured production of 10,000 units of its Decorative Wall Frame Set and has sold and/or distributed them or intends to sell and/or distribute them to about at least 500 Wal-Mart stores, including stores found in this District.

## COUNT I

### Infringement of U.S. Copyright Registration No. VA 1-942-151

20. Plaintiff restates and incorporates by reference all previous allegations.

21. Without Plaintiff's consent, approval, or license, Defendant has infringed upon Plaintiff's Family Collection, created and owned by Plaintiff and subject to U.S. Copyright Registration No. VA 1-942-151, effective September 17, 2012.

22. Upon information and belief, Defendant has willfully and intentionally copied the creative and protected aspects of Plaintiff's Family Collection.

23. Plaintiff has notified Defendant in writing of the infringement.

24. Defendant's infringement of Plaintiff's Family Collection has damaged Plaintiff and will irreparably harm Plaintiff without the intervention of this Court.

## COUNT II

### Infringement of U.S. Copyright Application No. 1-2147314251

25. Plaintiff restates and incorporates by reference all previous allegations.

26. Without Plaintiff's consent, approval, or license, Defendant has infringed upon Plaintiff's Family Tree, created and owned by Plaintiff and subject to U.S. Copyright Application No. 1-2147314251, dated February 20, 2015.

27. Upon information and belief, Defendant has willfully and intentionally copied the creative and protected aspects of Plaintiff's Family Tree.

28. Plaintiff has notified Defendant in writing of the infringement.

29. Defendant's infringement of Plaintiff's Family Tree has damaged Plaintiff and will irreparably harm Plaintiff without the intervention of this Court.

## COUNT III

### Infringement of U.S. Copyright Application No. 1-2147314367

30. Plaintiff restates and incorporates by reference all previous allegations.

31. Without Plaintiff's consent, approval, or license, Defendant has infringed upon Plaintiff's Cursive Family Tree, created and owned by Plaintiff and subject to U.S. Copyright Application No. 1-2147314367, dated February 20, 2015.

32. Upon information and belief, Defendant has willfully and intentionally copied the creative and protected aspects of Plaintiff's Cursive Family Tree.

33. Plaintiff has notified Defendant in writing of the infringement.

34.     Defendant's infringement of Plaintiff's Cursive Family Tree has damaged Plaintiff and will irreparably harm Plaintiff without the intervention of this Court.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff seeks the following relief from this Court:

1.     Until this case is decided that the Defendant and the Defendant's agents be enjoined from disposing of any infringing articles, including its Decorative Wall Frame Set.

2.     A judgment against Defendant that Defendant has infringed Plaintiff's Copyrights;

3.     A preliminary and a permanent injunction pursuant to 17 U.S.C. §§ 502 & 503 providing:

> Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiff's rights under federal or state law in Plaintiff's Copyrighted picture frame set sculptures and any sculptures, whether now in existence or later created, that are owned or controlled by Plaintiff (or any parent, subsidiary, or affiliate of Plaintiff), except pursuant to a lawful license or with the express authority of Plaintiff.  Defendant shall also destroy all copies of any infringing picture frame set sculptures that Defendant has in its possession, custody, or control, and provide Plaintiff with information as to the location of all copies of any infringing picture frame set sculptures that Defendant has marketed, sold, offered to sell, induced the sale of, and/or imported.

4.     An award of damages for each infringement of each Copyrighted picture frame set sculpture, pursuant to 17 U.S.C. § 504;

5.     An award of Plaintiff's costs and expenses in this action, pursuant to 17 U.S.C. § 505;

6.     An award of reasonable attorneys' fees incurred herein, pursuant to 17 U.S.C. § 505; and

7. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues properly tried to a jury.

Dated this 29th day of April, 2015.  Respectfully submitted,

*/s/ Christian G. Stahl*
Christian G. Stahl (ARDC 6290825)
christian.stahl@quarles.com
Matthew T. Ingersoll (ARDC 6309304)
matthew.ingersoll@quarles.com
QUARLES & BRADY LLP
300 N. LaSalle
Suite 4000
Chicago, Illinois 60654
Tel.: 312.715.5220
Fax: 312.632.1916

***Attorneys for Plaintiff Uniek, Inc.***

QB\34715107.1